UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLIE FLOYD #603580,

    Plaintiff,

v.                                                                           Case No. 2:09-cv-230
                                                                           HON. GORDON J. QUIST

DEBORAH C. HAIRE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff Charlie Floyd #603580, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Deborah C. Haire, a Corrections Program Coordinator Transcase Processor at the Charles Egeler Reception & Guidance Center (RGC), and M. Szappan, an attorney hearing officer with the State Office of Administrative Hearing and Rules (SOAHR).

        Plaintiff's complaint alleges that Defendants violated his right to procedural due process when they designated him as a homosexual predator without sufficient evidence and contrary to MDOC policy. Plaintiff was found guilty of sexually assaulting an inmate on January 10, 2005. In October of 2006, Defendant Haire notified Plaintiff that he was being designated as a homosexual predator. Defendant Szappan held a formal administrative hearing on January 4, 2007, and upheld the designation. Plaintiff claims he was denied due process because he did not receive a timely hearing, and that he requested, but did not receive, the assistance of a hearing investigator prior to

the January 4, 2007, hearing. Plaintiff claims that he filed a Request for Rehearing pursuant to MCL 791.254. However, there is no record of any such request. [Def Ex A, Stapleton affidavit]. Plaintiff sought removal of the designation, as permitted by policy on July 14, 2008, but he was not eligible for removal until December 19, 2009. Plaintiff's second request for removal of the designation was denied on January 15, 2010, by Gary Capello, Warden at Baraga Maximum Facility. After Defendants allegedly ignored Plaintiff's request for a rehearing, Plaintiff filed this complaint on October 26, 2009.

Plaintiff claims that Defendants' actions violated his Fourteenth Amendment due process rights. Plaintiff is suing defendants in their official capacities and is seeking declaratory and injunctive relief. Presently before the Court are Defendants' Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #25 and #32), as well as Plaintiff's Motions for Summary Judgment (docket #9 and #38).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment

motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Haire contends that she is entitled to summary judgment for lack of personal involvement because she merely prepared the Notice of Homosexual Predator Designation, and was not involved in serving the notice, handling the hearing investigation, or in the hearing itself. The undersigned notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

As noted by Defendant Haire, MDOC Policy Directive 05.01.150 "Homosexual Predator Designation" (effective 7/15/02), Paragraph A states in part: "A prisoner shall be designated as a homosexual predator if there is verified documentation (e.g., a conviction, finding of guilty on

a major misconduct, information in a jail report) that s/he used force, or the threat of force, to commit or to attempt to commit a non-consensual sexual act involving a victim of the same sex." Paragraph B provides, "Staff shall complete a Notice of Homosexual Predator Designation (CSJ-351) to designate a prisoner as a homosexual predator. The designation shall be entered on the Department's computerized database."

Defendant Haire's conduct consisted of reviewing the Jail Report from the Macomb County Jail, which revealed that Plaintiff was convicted of sexual assaults on two inmates. Based on this information, Defendant Haire completed the Notice of Homosexual Predator Designation (CSJ-351) on October 18, 2006, in accordance with applicable policy. Defendant Haire had no involvement with the actual determination of whether Plaintiff should be labeled a homosexual predator. Therefore, Plaintiff has not alleged facts establishing that Defendant Haire was personally involved in the activity which forms the basis of his claim. Accordingly, the undersigned concludes that Plaintiff's claims against Defendant Haire are properly dismissed for lack of personal involvement.

In her motion for summary judgment, Defendant Szappan contends that she is entitled to absolute judicial immunity with regard to Plaintiff's allegations against her. Defendant Szappan conducted the formal administrative hearing on the homosexual predator designation, and is an attorney hearing officer with the State Office of Administrative Hearings and Rules (SOAHR). Defendant Szappan is entitled to absolute judicial immunity from this suit. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229

(6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). Plaintiff's action fails because Defendant Szappan is absolutely immune under the circumstances of this case.

The other arguments made by the Defendants in their motion for summary judgment relate to a common nucleus of operative facts. First, Defendants claim that they are entitled to summary judgment because Plaintiff has not exhausted his administrative remedies. If a prisoner believes that his security classification is based on incorrect information or an incorrect computation of the security classification form, the prisoner may challenge the classification through the grievance process. MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ U (effective May 28, 1996). However, decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(1) (effective 4/28/03). [MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(1) (effective Oct. 11, 1999 and Nov. 1, 2000).]

In order to exhaust, prisoners commonly file grievances pursuant to policy of the Michigan Department of Corrections to exhaust administrative remedies. For example, a prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (effective 4/28/03). In this case, the grievance procedure is not available to plaintiff. Plaintiff was found guilty of a major misconduct after a hearing conducted by the prison hearings division. *See*

MICH. COMP. LAWS § 791.251(2)(a). Decisions made in the prison hearings division are non-grievable. Policy Directive 03.02.130, ¶ F(1). Instead, plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* MICH. COMP. LAWS § 791.255(1). The rehearing request must be made within thirty days after the final decision or order is issued. MICH. COMP. LAWS § 791.254(3).

In the present case, Defendants' motion for summary judgment should be granted because Plaintiff has not completely exhausted his administrative remedies and a civil rights action containing unexhausted claims must be dismissed for lack of total exhaustion. *Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006); *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Plaintiff received Notice of his designation as a Homosexual Predator on October 16, 2006. Following a formal administrative hearing on January 4, 2007, the designation was upheld. Before seeking judicial review, Michigan's Prisoner Hearings Act (PHA), MCL 791.251 *et seq*., mandates that a prisoner must request a rehearing before seeking judicial review. The Act provides at MCL 791.255:

> (1) A prisoner aggrieved by a final decision or order of a hearing officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.

Plaintiff did not properly file this Request for Rehearing on the Homosexual Predator Designation. [See Exhibit A, Stapleton affidavit].

Moreover, even if Plaintiff had filed a request for rehearing, as he claims, but did not receive a response, he should have sought judicial review pursuant to MCL 791.255, which provides that a prisoner aggrieved by a final decision of a hearing officer shall file a motion for rehearing in

MICH. COMP. LAWS § 791.251(2)(a). Decisions made in the prison hearings division are non-grievable. Policy Directive 03.02.130, ¶ F(1). Instead, plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* MICH. COMP. LAWS § 791.255(1). The rehearing request must be made within thirty days after the final decision or order is issued. MICH. COMP. LAWS § 791.254(3).

In the present case, Defendants' motion for summary judgment should be granted because Plaintiff has not completely exhausted his administrative remedies and a civil rights action containing unexhausted claims must be dismissed for lack of total exhaustion. *Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006); *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Plaintiff received Notice of his designation as a Homosexual Predator on October 16, 2006. Following a formal administrative hearing on January 4, 2007, the designation was upheld. Before seeking judicial review, Michigan's Prisoner Hearings Act (PHA), MCL 791.251 *et seq*., mandates that a prisoner must request a rehearing before seeking judicial review. The Act provides at MCL 791.255:

> (1) A prisoner aggrieved by a final decision or order of a hearing officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.

Plaintiff did not properly file this Request for Rehearing on the Homosexual Predator Designation. [See Exhibit A, Stapleton affidavit].

Moreover, even if Plaintiff had filed a request for rehearing, as he claims, but did not receive a response, he should have sought judicial review pursuant to MCL 791.255, which provides that a prisoner aggrieved by a final decision of a hearing officer shall file a motion for rehearing in

order to exhaust his administrative remedies before seeking judicial review. In addition, if the request for rehearing is denied, the prisoner may file an application for direct review in the circuit court in the county where the prisoner resides or in the circuit court for Ingham County. *See* MCL 791.255(1) and (2). Therefore, the undersigned concludes that Plaintiff did not exhaust his available administrative remedies as required by the 42 U.S.C. § 1997e(a).

Finally, Defendants claim that they are entitled to summary judgment because Plaintiff received the procedural due process to which he was entitled. Plaintiff's complaint, as well as the attached documents, establish that if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).

A review of the record in this case reveals that Plaintiff received Notice of

Homosexual Predator Designation after he was convicted in an administrative hearing of sexually assaulting two inmates. [Def. Ex B, Szappan affidavit, Attachment 1.] Next, Hearing Officer Szappan held an administrative hearing pursuant to MCL 791.251 *et seq*. which upheld the Notice. [Def. Ex B, Szappan affidavit, Attachment 2.] The hearing record includes the Macomb County Jail - Major Rule Violation Report, which states that the officers received information that Plaintiff had sexually assaulted another inmate. A copy of the Jail Incident Report, which indicated that staff had interviewed one inmate witness and two inmate victims, who specifically described Plaintiff's misconduct toward them. Plaintiff was formally charged with the assaults. [Def. Ex B, Szappan affidavit, Attachment 3.] It is clear from the record that Plaintiff was given the opportunity to convince an unbiased decision maker that he had been wrongly or falsely accused and that the evidence against him is false. Consequently, Plaintiff's due process rights were not violated.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motions for summary judgment. Accordingly, it is recommended that Defendants' motions for summary judgment (docket #25 and #32) be granted and this case be dismissed in its entirety.[1] In addition, should the court adopt the report and recommendation in this case, Plaintiff's pending motions (docket #9 and #38) are properly denied as moot.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C.

---

[1] To the extent that Plaintiff is suing the individual Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).

§ 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 4, 2010

                                                /s/ TIMOTHY P. GREELEY
                                                TIMOTHY P. GREELEY
                                                UNITED STATES MAGISTRATE JUDGE