UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLIE FLOYD #603580,

    Plaintiff,

v.                                            Case No. 2:09-CV-230

DEBORAH C. HAIRE, et al.,                HON. GORDON J. QUIST

    Defendants.
_____/

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's Objection to the magistrate judge's report and recommendation dated August 4, 2010, in which Magistrate Judge Greeley recommended that Defendants' motions for summary judgment be granted. He further recommended that Plaintiff's motions for summary judgment be denied. Plaintiff sued Defendants, alleging that they violated his right to procedural due process when they designated him as a homosexual predator without sufficient evidence and contrary to MDOC policy. Defendant Haire prepared the Notice of Homosexual Predator Designation and Defendant Szappan, an attorney with the State Office of Administrative Hearings and Rules, conducted the formal administrative hearing on the homosexual predator designation.

The magistrate judge recommended that Defendant Haire's motion for summary judgment be granted on the ground that Defendant Haire simply reviewed the jail report from the Macomb County Jail and, based upon that report, completed the Notice of Homosexual Predator Designation in accordance with applicable policy. The magistrate judge concluded that because Defendant Haire was not involved with the actual determination of whether Plaintiff should be labeled a homosexual

predator, she was not personally involved in the alleged constitutional violation. With regard to Defendant Szappan, the magistrate judge concluded that he is also entitled to summary judgment because he is entitled to absolute judicial immunity, as established by Sixth Circuit case law. In addition, the magistrate judge concluded that Defendants' motions should be granted because Plaintiff failed to exhaust his administrative remedies by filing a request for a rehearing or seeking judicial review pursuant to M.C.L. § 791.255. Finally, the magistrate judge concluded that Defendants are entitled to summary judgment because Plaintiff received all the process to which he was entitled, thus negating any claim that Plaintiff's due process rights were violated.

After conducting a *de novo* review of the report and recommendation, Plaintiff's objection, and the relevant portions of the record, the Court concludes that the report and recommendation should be adopted.

Having reviewed Plaintiff's objection, the Court concludes that his arguments lack merit. Regarding Defendant Haire, Plaintiff asserts that she relied on false evidence in preparing the Notice of Homosexual Predator Designation. Plaintiff contends that the information in the Jail Report from the Macomb County Jail was false because one of the inmates who provided information for the Jail Report took the stand at Plaintiff's criminal trial and admitted that his allegations were false and coerced by Macomb County Jail personnel. Even assuming that the inmate statements set forth in the Jail Report were false, Plaintiff has still failed to show that Defendant Haire did anything other than prepare the Notice of Homosexual Predator Designation based upon the information in the Jail Report, such that she was personally involved in the decision to label Plaintiff a homosexual predator. Moreover, even assuming that Plaintiff is correct that the information in the Jail Report was false, it appears that Plaintiff's criminal trial was held almost one month after Defendant Haire

prepared the notice. Thus, she could not have been aware of any contradictory evidence suggesting that Plaintiff did not commit the acts described in the Jail Report.

With regard to Defendant Szappan, although Plaintiff argues that he should not be accorded absolute judicial immunity because Plaintiff was not found not guilty of the criminal charges in a verdict rendered on November 16, 2010, Plaintiff fails to cite any authority holding that a hearings officer loses his immunity simply because he relied upon certain evidence but failed to consider other evidence. Thus, Plaintiff has not shown that the magistrate judge's recommendation with regard to Defendant Szappan was erroneous.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 4, 2010 (docket no. 43) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (docket nos. 28 and 32) are **GRANTED** and Plaintiff's Motions for Summary Judgment (docket nos. 9 and 38) are **DENIED**. Plaintiff's Amended Complaint is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

This case is **concluded**.


Dated: September 28, 2010                    /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE